**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff, <br><br> - against - <br><br> BARFIELD'S BAR AND GRILLE, LLC d/b/a BARFIELD'S BAR & GRILLE, RACHEL RICHARDS, and DARREN BARFIELD, <br><br> Defendants. | CASE NO.: |

**COMPLAINT**

Plaintiff JOE HAND PROMOTIONS, INC., by and through its attorneys, for its Complaint against Defendants, hereby alleges as follows:

THE PARTIES

1. Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road, Feasterville, PA 19053. Plaintiff held the exclusive commercial distribution rights to the broadcast of *Ultimate Fighting Championship® 246: McGregor vs. Cowboy* telecast nationwide on January 18, 2020 and *Deontay Wilder vs. Tyson Fury II* telecast nationwide on February 22, 2020, including all undercard bouts and commentary (the "Programs").

2. Upon information and belief, Defendant BARFIELD'S BAR AND GRILLE, LLC:

   a. is a South Carolina limited liability company;

   b. is a business that conducts business in the State of South Carolina;

   c. conducted business as Barfield's Bar & Grille on the dates of the Programs;

      d.    operates, maintains and controls the establishment known as Barfield's Bar & Grille located at 3901 Dick Pond Road, Myrtle Beach, SC 29588 (the "Establishment"); and

      e.    operated, maintained and controlled the Establishment on the dates of the Programs.

3. Upon information and belief, Defendant RACHEL RICHARDS is an individual residing in the State of South Carolina. On the dates of the Programs, Defendant RACHEL RICHARDS:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

4. Upon information and belief, Defendant DARREN BARFIELD is an individual residing in the State of South Carolina. On the dates of the Programs, Defendant DARREN BARFIELD:

      a.    was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

      b.    had a right and ability to supervise the activities of the Establishment; and

      c.    had an obvious and direct financial interest in the activities of the Establishment.

## JURISDICTION AND VENUE

5    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

6. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

FACTS

7. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

8. Plaintiff is a company that specializes in distributing and licensing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's premier mixed martial arts promotion company, the Ultimate Fighting Championship®. Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

9. By contract, Plaintiff was granted the exclusive right to license and distribute the Programs to commercial establishments throughout the United States. Each of the Programs broadcasts originated via satellite uplink, and were subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

10. Plaintiff entered into subsequent agreements with various commercial establishments in the State of South Carolina that, in exchange for a fee, allowed them to exhibit the Programs to their patrons. In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Programs broadcast to those establishments in the State of South Carolina.

11. Prior to the broadcast of each of the Programs, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Programs in the Establishment for a fee.

However, Defendants chose not to contract with Plaintiff or pay a fee to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit either of the Programs in the Establishment.

12. By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Programs or assisted in such actions. Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons in the Establishment.

13. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited each of the Programs to the patrons within the Establishment.

14. Defendants pirated Plaintiff's licensed exhibitions of the Programs and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

15. At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

## SATELLITE PIRACY/CABLE PIRACY

16. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

17. Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 605. By reason of Defendants' violation of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

18. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibitions of the Programs, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

19. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

## PRAYER

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

a. for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553;

b. for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

c. for such other and further relief to which Plaintiff may be entitled.

[*signature page to follow*]

                                                        Respectfully submitted,

Dated: January 14, 2023                    By: /s/ Eric C. Hale
                                                  Eric C. Hale, Esq.
                                                  CLARKSON & HALE, LLC
                                                  PO Box 287
                                                  Columbia, SC 29202
                                                  T: 803-726-3558
                                                  F: 803-726-3568
                                                  eric.hale@clarksonlawllc.com

                                                  ATTORNEYS FOR PLAINTIFF
                                                  JOE HAND PROMOTIONS, INC.